C O P Y

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Mr. Williams:

Opinion No. 0-5052
Re: Are the mentioned individuals
in the employment of the
Liquidating Division of the
Board of Insurance Commis-
sioners within the meaning
of Article 5221b-17 (g)?

Your request for an opinion as to whether the in-
dividuals treated in the letter of Mr. Will G. Knox, Liquida-
tor, to Mr. Lee G. Williams are in the employment of the
Liquidating Division of the Board of Insurance Commissioners
within the meaning of Article 5221b-17 (g), Vernon's Revised
Civil Statutes, has been received. You have attached a copy
of the letter from Mr. Knox which reads in part as follows:

"The Liquidating Division of the Board of Insur-
ance Commissioners was created and is maintained pur-
suant to House Bill 249 of the 46th Legislature, in-
corporated in the Revised Statutes as Article 5068-C.
The writer is the Liquidator designated by the Board
of Insurance Commissioners and is the Receiver ap-
pointed by the respective District Courts in connec-
tion with the receiverships described on the attached
list. The Board of Insurance Commissioners employs
all personnel of the Division, fixes salaries and has
the right of termination of employment at will. It
approves the salary expenditures along with other
expenses incident to the receiverships.

"The funds with which the employees are paid come from the estates of the receiverships themselves. The employees work variously on all receiverships as the occasion demands. No completely accurate account of the time spent in connection with the work of the respective receiverships is maintained in the office but an approximation is kept as the basis of the proration of the employees' salaries from the various receiverships. Payment is made on the first and fifteenth of the month and of course accurate records are kept in the office with respect to the origin of the funds with which each employee has been paid during the life of the receivership. The actual proration of funds consequently fairly accurately represents the apportionment of time of each employee in the respective liquidations."

Your request further states that "when Mr. Knox, as Liquidator, takes over an insurance company, he often keeps on its payroll certain of its employees who are familiar with its business and who assist him in liquidation process. On these employees' wages he pays social security taxes to the Federal Government. In addition he pays social security tax on the amounts of the wages of his office force which are chargeable against the particular insurance company in question. The services performed by these old employees of the company as well as the services of the employees of the liquidating office are to be considered."

We are further advised that the liquidation division as created by statute is housed in a different office from that of the Insurance Department of the State of Texas; that the employees of the Liquidating Division perform no duties in the offices of the Insurance Commission; that the work of the persons employed in the Liquidating Division is solely that of working on the various insurance companies that are in liquidation; that these persons are under the direct supervision and control of Mr. Will G. Knox, Liquidator; that they are chosen or employed by Mr. Knox subject to the approval of the Board of Insurance Commissioners.

Article 5221b, Section 17 (e) reads in part as follows:

"(e)  'Employing unit' means any individual or
type of organization, including any partnership,
association, trust, estate, joint stock company,
insurance company, or corporation, whether domestic
or foreign, or the receiver, trustee in bankruptcy,
trustee or successor thereof, or the legal repre-
sentative of a deceased person, which has or subse-
quent to January 1, 1935, had in its employ one or
more individuals performing services for it within
this State. . ."

Section 17 (g) (1) provides:

"(g) (1) 'Employment' subject to the other
provisions of this subsection, means service, includ-
ing service in interstate commerce, performed for
wages or under any contract of hire, written or oral,
express or implied, provided that any services per-
formed by an individual for wages shall be deemed to
be employment subject to this Act unless and until
it is shown to the satisfaction of the Commission
that such individual has been and will continue to
be free from control or direction over the perform-
ance of such services both under his contract of
service and in fact."

Section 17 (g) (5) reads:

"(5)  The term 'employment' shall not include:

"(A)  Service performed in the employ of this
State, or of any political subdivision thereof, or
of any instrumentality of this State or its political
subdivisions;"

The facts related in the letter of the Liquidator
as well as your letter show that there are two classes of
persons to be considered in this opinion:  First, there are
those persons that were in the employment of the company prior
to the appointment of the Liquidator.  These individuals con-
tinue their employment for a sufficient period of time to
enable the Liquidator to close out the business in that
particular office of the company.  They are paid by the
Liquidator out of the assets of the company; their place of

employment remains the same; the only essential difference in their employment being that the Liquidator is their supervisor rather than the former officers of the company. They were in employment under the Texas Unemployment Compensation Act prior to the time the Liquidator took control of the business. It cannot be disputed that under our statute they would have been in employment if a receiver had been appointed by the court.

Second, there are other individuals employed in the Austin office of the Liquidator. We are informed that these persons perform their services in another and different office and building from that of the State Insurance Commission; that none of the services performed by the persons in the liquidation division pertain to the general duties of the Board of Insurance Commissioners. Their duties are confined strictly to the liquidations of the various insurance companies. The salaries of all of these persons are apportioned upon time applied and are paid from the assets of the various insurance companies. The State of Texas pays no part of their salary.

At the time the Liquidator took possession of the assets of the various companies under a court order the equitable title to the assets did not pass to the State of Texas but remained for ultimate distribution to their creditors and policyholders. The Legislature placed the liquidation of the insurance companies in the control of the Board of Insurance Commissioners and the Liquidator, not for the benefit of the State of Texas but to conserve the assets of the various estates for the benefit of the creditors and policyholders.

If a receiver had been appointed by the court to liquidate the assets of the various companies now in the hands of the Liquidator such a receiver would not have been an exempt employer under the terms of our Act. Under the statute now in force relative to the liquidation of insurance companies, it is the duty of the District Court to appoint the statutory Liquidator as receiver of various companies. He is appointed receiver for each company and acts as receiver as well as Liquidator. As do other receivers he must take the oath to qualify as receiver.

We do not believe nor intend to infer that persons in the employment of the Board of Insurance Commissioners in the performance of the general duties of their office are in employment under the Unemployment Compensation Act. Clearly, they are not.

The Unemployment Compensation Law of Texas was enacted to provide security to persons temporarily out of employment; the employer companies were required to contribute to a fund to insure some relief from unemployment to their employees.

The companies being liquidated by our appointed officer are private corporations; the assets are those of private individuals and the Liquidator acts for private business and not for the State of Texas. See White vs. Boland, 5 N. Y Sup. (2d) 119.

We have no decisions of the courts of Texas upon this question as the problem arises from the application of a newly enacted scheme of social legislation; we do have a decision of the State of New York sustaining our position. In Re: Kinney, 14 N. Y. Sup. (2d) p. 11, the court held the State Insurance Liquidator liable for the payment of unemployment taxes upon the persons doing the liquidating work in his office. This question was certified to the Court of Appeals of the State of New York, and in that opinion, found in 24 N. E. (2d) 494, the court held that the liquidator was not an exempt employer under the unemployment compensation act.

The Federal Government has specifically provided in 28 USCA 124a that "any receiver, referee, trustee, or other officer or agent appointed by any U. S. Court who is authorized by said court to conduct any business or who conducts any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business was conducted by an individual or corporation."

In the case of Mid-America, 31 Fed. Sup. 601, the trustee was held liable for unemployment taxes based upon wages paid to persons employed for the liquidation of a bankrupt estate.

The Legislature of Texas provided in Section 17 (e) of Article 5221b that an employing unit should include "insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof,. . . ." Is the liquidator in this instance performing any different functions than those of a receiver or trustee? We think not. The Legislature clearly intended that the persons used in the liquidation of these estates should benefit from the unemployment compensation act.

The only direct authority on this point is found in the opinion of the Supreme Court of N. Y. in In Re Kinney, 14 N. Y. Sup. (2d) 11. The New York Court states that the persons in the insurance liquidating office are "not employees of the State or an agency thereof for the purpose of other statutes relating to other employees, e. g. the Civil Service Law, Social Security Law of the United States, Federal Income Tax Law from which employees are normally exempt."

We, therefore, advise you that all of the persons employed in the liquidation of the various insurance companies as mentioned in your request are in the employment of the liquidating division of the Board of Insurance Commissioners within the meaning of Article 5221b, 17 (g), Vernon's Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

S/ Morris Hodges
Assistant

MH:N

APPROVED MAY 29, 1941
S/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED - Opinion Committee

By BWB - Chairman

OK - GRL